```
JOHN JESUS HERNANDEZ
T-42740
POB 3471
Corcoran, CA  93212-3471

PRO SE
```

FILED
APR 28 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re JOHN JESUS HERNANDEZ: | No. CV 08 2185 |
| JOHN JESUS HERNANDEZ, | USDC N. Dist. Cal. No. C 06-3975 WHA(PR) |
| Petitioner, | PETITION FOR WRIT OF MANDAMUS |
| v. | [FRAP 22(a), Circuit Rule 21-2] |
| THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, | |
| Respondent, | |
| JEANNE S. WOODFORD, | |
| Real Party in Interest. | |

   Petitioner JOHN JESUS HERNANDEZ is the pro se Petitioner before the Respondent court in proceedings under 28 USC § 2254 captioned JOHN JESUS HERNANDEZ v. JEANNE S. WOODFORD, case no. C 06-3975 WHA(PR).

   Respondent is the United States District Court for the Northern District of California.

   Real Party in Interest is Jeanne S. Woodford, who is the state officer responsible for Petitioner's confinement.

///

-1-

Respondent has a clear, present, & ministerial duty to abide by & adhere to the exercise of sound discretion governed by legal rules to do justice according to the law in conducting hearings, receiving evidence, & to issue rulings consistent with laws governing the subject matter of this petition.

Respondent has failed and/or refused to exercise sound discretion as follows:

1. Petitioner filed a petition for post-conviction relief from his state court criminal conviction, pursuant to 28 USC § 2254.

2. Real Party in Interest, timely filed an Answer, arguing that the petition should be denied on procedural grounds and/or on the merits.

3. Petitioner timely filed his Traverse (attached hereto as Exibit "A") on NOVEMBER 20, 2006, pursuant to the "Mailbox Rule" (see Exibit "A" at 5:13-18).

4. Respondent Court has failed to issue the Report & Recommendation in the matter, delaying adjudication of Petitioner's § 2254 petition, & thus denying the relief sought (e.g. issuance of writ of habeas corpus directing Petitioner's release or the conduct of a new criminal trial).

Petitioner is a person beneficially interested in the proceeding, & Petitioner, Respondent, & Real Party in Interest are the parties who will be affected by this proceeding.

Petitioner has no plain, speedy, nor adequate remedy in the ordinary course of law other than by this petition in that there is no other adequate procedure to require Respondent to use discretion governed by legal rules to do justice according to the mandate of law & the constitution, or to otherwise entitle Petitioner to enjoy the benefits sought through this petition.

At all times mentioned herein, Respondent has been able to adhere & follow the mandate of law which governs the within subject subject matter. Notwithstanding such ability & despite Petitioner's demand stated herein,

Respondent continues to fail and/or refuse to issue a ruling on Petitioner's § 2254 petition.

Petitioner is particularly aggrieved by the inaction of Respondent in either ruling on the merits of Petitioner's § 2254 petition or holding a hearing thereto, the Respondent Court threatens to, intends to, and/or allow the further unlawful incarceration of Petitioner by Real Party in Interest by Respondent's lack of action.

No other Petition for Writ of Mandamus has been made by or on behalf of Petitioner.

WHEREFORE, Petitioner prays that:

1. A peremptory Writ of Mandate be issued directing & compelling the Respondent Court to issue the Report & Recommendation required under 28 USC § 2254 with respect to Petitioner's petition thereto.

Respectfully submitted,

Dated: 04/17, 2008.

JOHN JESUS HERNANDEZ
Pro Se

VERIFICATION

I'm the Petitioner in this matter. I have read the allegations contained in the petition & know them to be true.

Executed under the penalty of perjury on 04/17, 2008, at Corcoran, Kings County, California.

JOHN JESUS HERNANDEZ
Pro Se

CERTIFICATE OF INTERESTED PARTIES

Pursuant to Circuit Rule 21-3, Petitioner JOHN JESUS HERNANDEZ hereby files this corporate disclosure statement under FRAP 26.1.

Per subdivision (a) of FRAP 26.1, Petitioner certifies that there is not a corporation to these proceedings.

Dated: 04/17, 2008.

JOHN JESUS HERNANDEZ
Pro Se

STATEMENT OF RELATED CASES

Petitioner states that there are no related cases pending before this Court, as such cases are defined under Circuit Rule 28-2.6, with respect to the instant petition.

Dated: 04/17, 2008.

JOHN JESUS HERNANDEZ
Pro Se

PROOF OF SERVICE & DECLARATION OF FILING

I, JOHN JESUS HERNANDEZ, declares under the penalty of perjury that:

I'm the Petitioner, proceeding <u>pro se</u>, to the foregoing cause of action;

I'm over the age of 18 years;

On this date, I did serve the foregoing PETITION FOR WRIT OF MANDAMUS on:

UNITED STATES DISTRICT COURT  
NORTHERN DISTRICT OF CALIFORNIA  
450 Golden Gate Ave.  
San Francisco, CA  94102

CALIFORNIA ATTORNEY GENERAL  
JOHN H. DEIST, Deputy Attorney General  
455 Golden Gate Ave.  
Suite 1100  
San Francisco, CA  94102-7004  
ATTORNEYS FOR REAL PARTY IN INTEREST

by placing a true copy thereof in a sealed envelope, with first class postage fully paid thereon, for collection of the U. S. Mail by prison officials at my place of confinement, to-wit:  CSP-Corcoran, 4001 King Ave., Corcoran, CA, 93212.

On this date, I did also deliver the original PETITION FOR WRIT OF MANDAMUS (and four (4) additional copies thereof) to those same prison officials, in the same manner as service, for mailing via the prison's legal mail system to the Clerk, U. S. Court of Appeals, Ninth Circuit, P. O. Box 193939, San Francisco, CA, 94119-3939.  As such, the aforesaid PETITION FOR WRIT OF MANDAMUS should be deemed filed as of this date, per FRAP 25(a)(2)(C).

Executed on  April 17 , 2008, at Corcoran, California.

JOHN JESUS HERNANDEZ  
Declarant

# EXIBIT "A"

JOHN JESUS HERNANDEZ
T-42740
POB 3471
Corcoran, CA  93212-3471

PRO SE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN JESUS HERNANDEZ,

Petitioner,

v.

JEANNE S. WOODFORD,

Respondent.

No. C 06-3975 WHA(PR)

TRAVERSE

Petitioner, JOHN JESUS HERNANDEZ, pro se, traverse the allegations contained in Respondent's Answer as follows:

Petitioner agrees with the allegation contained in paragraph II.

Petitioner disagrees with the allegations contained in paragraphs III, IV.

With respect to paragraph I, Petitioner disagrees with the allegation that his custody is lawful.

I

INTRODUCTION

In this traverse, HERNANDEZ addresses Respondent's arguments set forth in the Memorandum of POints and Authorities ("MPA") in support of the Answer.

HERNANDEZ, however, does not concede any of the arguments by Respondent by any failure to address the same herein.  Instead, HERNANDEZ stands on his Petition, and the Memorandum of Points and Authorities contained therein.

-1-

II

## HERNANDEZ'S CLAIMS ARE NOT PROCEDURALLY BARRED

Respondent argues the "possibility that [HERNANDEZ's] federal habeas claims" are procedurally barred, due to the California Supreme Court's denial with citation to In re Clark (1993) 5 Cal.4th 750 (MPA at 6:5-7:2).[2] However, Respondent admits that the Ninth Circuit (once again) has called Clark into question (MPA at 7:3-7).

In Bennet v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003), the Ninth Circuit stated "In Clark, ..., the California Supreme Court attempted to set out a definite rule for prospective application. Clark 5 Cal.4th at 797-98, 21 Cal.Rptr.2d 509, 855 P.2d 729. Because the California Supreme Court set out to create a rule that would be consistently applied, however, it does not follow that the rule in historical fact has been so applied."

In the time between Clark and Bennet, the California Supreme Court attempted to claify the Clark rule of untimeliness in the cases of In re Robbins (1998) 18 Cal.4th 770, and In re Sanders (1999) 21 Cal.4th 697 (holding that the presumption of untimeliness is eliminated if a habeas petition alleges error(s) of fundamental constitutional magnitude. Robbins, 18 Cal.4th at 780, Sanders, 21 Cal.4th at 704. See also 244 F.3d 702, 705 n. 12, citing Robbins).

Respondent notes that King v. Lamarque, ___ F.3d ___ WL 2684539 (9th Cir. 2006) (MPA at 7:3-6) the rule in Clark is called into question once again as to whether or not this rule is sufficiently clear and consistently applied.

Moreover, under Robbins and Sanders, HERNANDEZ's habeas claims to the

---

[2.] Perhaps of no relevance instantly, HERNANDEZ wishes to note that the California Attorney General routinely raises procedural bar claims in its answers to § 2254 petitions (i. e. Clark citations), if a state court has made such a citation, for petitoners proceeding without counsel. However, the opposite appears to be true for petitioners with counsel.

-2-

California Supreme Court (which are the same claims in the instant Petition) are the very claims amounting to errors of fundamental constitutional magnitude. In a footnote to Kimmelman v. Morrison (1986) 477 U.S. 365, the U.S. Supreme Court said that a full and fair opportunity to litigate IAC claims does not exist at trial and on direct appeal. The California Supreme Court in People v. Pope (1979) 23 Cal.3d 412 held that IAC claims are best litigated on habeas corpus, as opposed to direct review.

Prosecutorial misconduct attacks the fundamental fairness of criminal proceedings. IAC of trial counsel leaves a defendant at the mercy of the trial process. Failure to provide HERNANDEZ with a Spanish language interpreter prevents HERNANDEZ from aiding in his own defense. All of these errors attack fundamental constitutional guarantees.

III

THE PROSECUTION DID SUPPRESS THE 911 AND POLICE DISPATCH TAPES

Although California law does state that the records at issue need only be preserved 100 days (MPA at 16:2-3), the tapes nonetheless should've been provided as automatic discover. See People v. Ruthford (1975) 14 Cal.3d 399; Cal.Const. Art. I , § 30(c), Cal.Pen. Code ("PC") § 1054. See also Brady v. Maryland (1963) 373 U.S. 83; 10 L.Ed.2d 215; 83 S.Ct. 1194; Pennsylvania v. Ritchie (1987) 480 U.S. 39; 94 L.Ed.2d 40; 107 S.Ct. 989.

Contrary to Respondent's argument, the 911 tapes still existed at the time of HERNANDEZ's August 13, 2001 production request (Pet. at 13:10-16). The fact the tapes still existed shows that the prosecution committed misconduct, which demands that HERNANDEZ receive the relief sought on this ground (Pet. at 13:19-16:6).

HERNANDEZ has a liberty interest at stake here also, in that the State of California must follow its own laws as stated herein, which it did not.

//

-3-

IV

THE CALIFORNIA COURTS HAD A DUTY TO APPOINT HERNANDEZ A TRANSLATOR

Respondent lodged a copy of HERNANDEZ's writ petition to the California Supreme Court (Exibit 10, In re Hernandez, No. 134986). In that lodgement, HERNANDEZ lodged a pair of exibits in support of Ground 6 of that petition (exibits 11 and 12) clearly demonstrating that HERNANDEZ has little to no proficiency in English (as Spanish is his principle language). That record alone sufficiently demonstrates that HERNANDEZ could not comprehend the trial proceedings, as it made it next to impossible to effectively communicate with counsel. Respondent acknowledges HERNANDEZ's language shortcomings.

V

CONCLUSION

For the foregoing reasons, as well as those presented in the petition, this Court issue a writ of habeas corpus on all grounds.

Dated: 11/20    , 2006.    Respectfully submitted,

JOHN JESUS HERNANDEZ
Pro Se

-4-

PROOF OF SERVICE

I, JOHN JESUS HERNANDEZ, declare under the penalty of perjury that:

I am the Petitioner, proceeding pro se, to the foregoing cause of action;

I am over the age of 18 years;

On this date, I did serve the foregoing TRAVERSE on:

    ATTORNEY GENERAL OF CALIFORNIA
    JOHN H. DEIST, Deputy Attorney General
    455 Golden Gate Ave.
    Suite 1100
    San Francisco, CA  94102-7004
    OF ATTORNEYS FOR RESPONDENT

by placing a true copy thereof in a sealed envelope, with first class postage fully paid thereof, for collection of the U. S. Mail by prison officials at my place of confinement, CSP-Corcoran, 4001 King Ave., Corcoran, CA, 93212.

Further on this date, I did deliver the original TRAVERSE to those same prison officials for mailing to the Clerk, U. S. District Court, Northern District of California, San Francisco Division, in the same manner as service, via the prison's legal mail system. As such, the TRAVERSE should be deemed filed as of this date, per the "Mailbox Rule."

Executed on  11/20       , 2006, at Corcoran, California.

                                              JOHN JESUS HERNANDEZ
                                              Declarant

Case name:   HERNANDEZ v. WOODFORD

Case no.:    C 06-3975 WHA(PR)

-5-

JOHN JESUS HERNANDEZ-T-42740
CSP-CORCORAN-3C03-132-L
P.O. BOX 3471
CORCORAN, CA 9321203471

CORCORAN STATE PRISON

legal mail

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102

